**SIGNED.**

Dated: January 11, 2011

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JOSH ALBRITTON, | No. 4:10-bk-27958-JMM |
| Debtor. | Adversary Proceeding No. 4:10-ap-02186-JMM |
| BRENT K. LANE, ELIZABETH W. LANE, KEYSTONE HOMES LLC, | **MEMORANDUM DECISION** |
| Plaintiffs, | |
| vs. | |
| JOSH ALBRITTON, | |
| Defendant. | |

Before the court is a motion for summary judgment in the above-captioned adversary proceeding (ECF No. 2). The Defendant has appeared and has filed a response (ECF No. 7). The court has reviewed the aforementioned pleadings, together with the statement of facts and its exhibits filed by the Plaintiffs (ECF No. 3). This review convinces the court that further argument will not aid it in its determinations. Therefore, the court may rule on the record presented.

The response fails to address or respond with particularity the statement of facts presented by the Plaintiffs. Nor does the Defendant's response attempt to rebut the citations of legal authority set forth by the Plaintiffs.

1  When a matter is submitted to a court for disposition in summary fashion, it is the obligation of the non-moving party to specifically and carefully respond to each of the material facts set forth by the moving party. FED. R. CIV. P. 56(e)(2) is clear:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Here, the Defendant simply continued to generally deny the allegations. Without more assistance from the Defendant, the court is bound is to grant summary judgment in favor of the Plaintiffs.

Therefore, based upon the undisputed factual record presented by the Plaintiffs, it is clear that the Defendant is not entitled to a discharge of the judgment entered by the Cochise County Superior Court in CV2008-00688 on January 11, 2010. No genuine issues of material fact remain for trial. FED. R. BANKR. P. 7056 (incorporating FED. R. CIV. P. 56). It is further clear that the facts reflect legitimate legal grounds for a finding of non-dischargeability under 11 U.S.C. § 523(a)6), as a wilful and malicious injury designed to specifically target and harm Plaintiffs and Plaintiffs' interests. *See Kawaauhau v. Geiger*, 118 S.Ct. 974 (1998).

A separate bankruptcy court judgment declaring the judgment entered by the Cochise County Superior Court in CV2008-00688 on January 11, 2010 to be non-dischargeable will be entered. Any aggrieved party has 14 days from entry of the judgment on the court's docket to file a notice of appeal. FED. R. BANKR. P. 8002.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Defendant Josh Albritton
Robert C. Warnike, Attorney for Plaintiffs
Trustee
Office of the U.S. Trustee